**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2146-18T3

SUSAN CONSALES,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and MACY'S RETAIL
HOLDINGS,

     Respondents.

_____

Submitted January 8, 2020 – Decided June 11, 2020

Before Judges Fuentes and Mayer.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 159,768.

Susan Consales, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Aaron J. Creuz, Deputy Attorney General, on the brief).

Respondent Macy's Retail Holdings has not filed a brief.

PER CURIAM

Appellant Susan Consales appeals from the final decision of the Board of Review (Board), which found her liable to refund $1,908 in unemployment compensation benefits. The Board upheld the decision of the Appeal Tribunal to dismiss appellant's application for relief as untimely under N.J.S.A. 43:21-6(b)(1). We affirm.

On March 26, 2017, appellant filed a claim for unemployment compensation benefits and consequently received a check in the amount of $1,908 for the weeks ending on April 1, 2017 through April 22, 2017. In a "Request to Refund" letter dated June 11, 2018, the Director of the Division of Unemployment and Disability Benefits informed appellant that she was not eligible to receive these benefits and, pursuant to N.J.S.A. 43:21-16(d), was required to refund the $1,908. The Director apprised appellant that this determination would be final unless she filed an appeal with the Appeal Tribunal "within seven calendar days" after its delivery or "within ten calendar days" after the date the notice was mailed to her last-known address. N.J.S.A. 43:21-6(b)(1).

A-2146-18T3

Appellant appealed the Director's determination to the Appeal Tribunal on August 11, 2018, fifty-four calendar days from the date she received the Director's "Request to Refund" letter. In response to a question posed by the Appeal Tribunal's hearing officer, appellant admitted she read the part of the Director's letter that provided her with the "instructions about the timeliness" to appeal the Request to Refund determination. Appellant offered the hearing officer three explanations for her failure to file a timely appeal: (1) she was busy with work; (2) she was trying to contact her employer; and (3) she was seeking clarification about the refund from the unemployment office.

The Appeal Tribunal dismissed the appeal as untimely and without good cause to warrant the relaxation of the time restrictions in N.J.S.A. 43:21-6(b)(1). The Appeal Tribunal noted that pursuant to N.J.A.C. 12:20-3.1(h)(i):

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

A-2146-18T3

The Appeal Tribunal found appellant did not present any evidence to satisfy any of these requirements and dismissed appellant's appeal for lack of jurisdiction. The Board adopted the Appeal Tribunal's findings and conclusion of law.

Our review of a State administrative agency's decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We will not disturb the agency's decision unless it is "arbitrary, capricious, or unreasonable[.]" Ibid. Our inquiry is limited to:

> (1) whether the agency's action violated the legislative policies expressed or implied in the act governing the agency; (2) whether the evidence in the record substantially supports the findings on which the agency's actions were premised; and (3) "whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors."
>
> [In re Carter, 191 N.J. 474, 482 (2007) (quoting Mazza v. Board of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995))]

The Board's decision to affirm the Appeal Tribunal's dismissal of appellant's appeal is neither arbitrary, capricious, or unreasonable. Appellant does not dispute her appeal was untimely. The record shows she did not present sufficient grounds to satisfy the "good cause" standard codified in N.J.A.C.

A-2146-18T3

12:20-3.1(h)(i). We discern no legal grounds to overturn the Board's decision finding the Appeal Tribunal correctly dismissed appellant's untimely appeal for lack of jurisdiction.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2146-18T3